**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNETTE KULICK,<br><br>    Plaintiff,<br><br> v.<br><br>GORDON PROPERTY GROUP, LLC,<br>MARK BORTECK, and ROSS HIRSCH,<br><br>    Defendants. | Civil Action No. 1:23-cv-09928-KPF<br><br>Hon. Katherine Polk Failla, U.S.D.J. |

**STIPULATED ORDER FOR THE**
**PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Before this Court is the Parties' Joint Motion for Protective Order (Doc. #  ). The Parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because the Parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which may include, among other things, taking depositions and producing documents; and those discovery proceedings will necessarily involve the production of certain information that the Parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, or business information, or otherwise sensitive non-public information;

IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery responses, interrogatory responses, responses to requests to admit, and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation. For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' Joint Motion for Entry of Protective Order (Doc. #  ) and hereby enters the following Stipulated Protective Order:

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith and reasonably believes that such Discovery Material contains nonpublic, confidential information that is proprietary or commercially sensitive, or if such Producing Party in good faith reasonably believes that disclosure of the Discovery Material is substantially likely to cause injury to the Producing Party ("Confidential Discovery Material"). In the event a party challenges another party's designation of a document or information as "Confidential," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

2.      The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

A.      In the case of documents or other materials (apart from depositions or other

pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

B.      In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 10 business days of receipt of the final transcript designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

C.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

D.      In all instances, for purposes of trial, the legends and other indications of the parties' designations under this Protective Order shall be removed from all Discovery Material used in Court during trial, and shall not be revealed or shown to witnesses or jurors at trial.

3.      The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

52069154.1

4.      Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as "Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made (the "Receiving Party") that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2.

5.      Upon receiving such supplemental notice, the Parties shall thereafter treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Receiving Party shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as Confidential Discovery Material shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Discovery Material under the terms of this Stipulation, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Discovery Material when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Stipulation.

4

6.      Unless otherwise ordered by the court or permitted in writing by the Producing Party, Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Stipulation:

A.      The Parties and the directors, officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

B.      Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

C.      Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.      Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

E.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or, in the case of documents that do not show the author or recipient on the face of a document, the author, recipient, or custodian of a document or other person who

otherwise possessed or knew the information;

     F.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

     G.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as <u>Exhibit A</u> hereto.

7.    Subject to Paragraph 15, to the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8.    Notwithstanding Paragraph 6(C), absent a Court order allowing further disclosure or written agreement with the Producing Party, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee, director, or officer of, or discussing employment with, any Party or any Competitor or potential transaction counterpart of any Party, as far as the expert or consultant can reasonably determine, or (ii) is using said Confidential Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this

paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a Competitor or an employee of a Competitor of a Party be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. A "Competitor" is a person or entity endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same or similar markets, as well as any person or entity actually engaged in any of these activities.

9.       Notwithstanding Paragraph 6(D) with respect to Confidential Discovery Material, such Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10.      Discovery Material designated as Confidential shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

11.      Every person to whom Discovery Material designated as Confidential is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain such Discovery Material, or information derived

therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

12.     Notwithstanding the designation of Discovery Material as Confidential, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13.     Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, and the Court's adoption of this Stipulation in whole or part as an Order shall not:

A.     Prejudice in any way Defendants' position that this Litigation should be dismissed. Defendants expressly reserve such positions and arguments;

B.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

C.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material;

D.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

E.     Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

G.      Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H.      Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection in this or any other federal or state legal proceedings.

14.     The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

15.     In the event that any Confidential Discovery Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Discovery Material.

16.     At the conclusion of litigation, Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17.     If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated by a Producing Party other than the

Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within ten (10) business days of receipt of such Demand (or if a response to the Demand is due in less than ten (10) business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

18.     This Stipulation shall be interpreted under the laws of the State of New York.

This protective order does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court will
retain jurisdiction over the terms and conditions of this order only for
the pendency of this litigation.  Any party wishing to make redacted or
sealed submissions shall comply with Rule 9 of this Court's Individual
Rules of Civil Procedure.

Dated:     April 16, 2024                    SO ORDERED.
           New York, New York

                                             *Katherine Polk Failla*

                                             HON. KATHERINE POLK FAILLA
                                             UNITED STATES DISTRICT JUDGE

10

52069154.1

**WE SO MOVE and agree to abide by the terms of this Order:**

> **SAUL EWING LLP**
>
> By: */s/ Ruth A. Rauls*
> Ruth A. Rauls, Esq.
> 650 College Road East
> Suite 4000
> Princeton, NJ 08540-6603
> Phone: (609) 452-5049
> ruth.rauls@saul.com
>
> New York Office:
> 1270 Avenue of the Americas,
> Suite 2005
> New York, NY 10020
> *Attorneys for Defendants*
> *Gordon Property Group, LLC,*
> *Mark Borteck, and Ross Hirsch*
>
> **RISSMILLER PLLC**
>
> By: */s/ Alex Rissmiller*
> Alex Rissmiller, Esq.
> 5 Pennsylvania Plaza, 19th Floor
> New York, NY 10001
> T: (646) 664-1412
> arissmiller@rissmiller.com
> *Attorney for Plaintiff Annette Kulick*

52069154.1

**EXHIBIT A**

**<u>AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION</u>**

      I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the Southern District of New York for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.


_____
Signature

_____
Name

_____
Affiliation

_____     _____
Date                                      Title

52069154.1