**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

January 31, 2025

**BY ECF**



The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

      Re:    <u>Kulick v. Gordon Property Group LLC et al.; No. 23-cv-9928-KPF</u>

Dear Judge Failla:

      I represent Plaintiff Annette Kulick and write in opposition to Defendants' pre-motion request to compel Ms. Kulick to provide a certification regarding her ESI searches. ECF No. 39. Plaintiff has agreed to comply with the second and third aspects of Defendants' request and will provide any resulting additional documents following counsel's review, or confirmation that none were responsive, by February 12, 2025. Those portions of Defendants' request are therefore moot.

      The additional request for a certification is unwarranted. Defendants thoroughly examined Ms. Kulick under oath on this precise topic the day before they filed their letter, and she provided the very confirmations now sought. Defendants cite no evidence that Ms. Kulick's ESI searches are incomplete. Their reliance on the production of an additional document to imply that Ms. Kulick improperly withheld it is misleading. The parties' meet-and-confer process narrowed an overly broad request seeking all documents relating to Ms. Kulick's move from New York to Pennsylvania. The additional responsive document was produced after the request was clarified. We are unaware of any testimony from Ms. Kulick that her email account was hacked,[1] and Defendants did not include it with their letter.

      In sum, Defendants lack a valid basis to seek a certification when Plaintiff has already testified under oath about her searches, conducted all searches Defendants requested, and produced responsive documents. This portion of Defendants' motion should be denied as unnecessary, and the second and third requests should be denied as moot given Plaintiff's agreement.

                                      Respectfully submitted,

                                      */s/ Alex Rissmiller*
                                      Alex Rissmiller

---

[1] Plaintiff is awaiting a copy of the transcript from her January 22 deposition per the parties' agreement.

The Court has reviewed Plaintiff's pre-motion letter regarding her anticipated motion to compel (Dkt. #38), Defendants' letter in response (Dkt. #39), and Plaintiff's letter responding to the issues Defendants affirmatively raised in their response letter (Dkt. #42).

*First*, as the Court understands the parties have reached an agreement regarding Defendants' requests to (i) compel Plaintiff to provide search results to her counsel and (ii) compel Plaintiff's counsel to conduct a relevance review of the documents for production (*see* Dkt. #42), the Court hereby ORDERS Plaintiff to provide any resulting additional documents, or confirmation that none were responsive, on or before **February 12, 2025**.

*Second*, Plaintiff's request to compel Defendants to produce the Kulick-Borteck correspondence in text-searchable PDF format categorized by responsiveness to Plaintiff's requests is DENIED. The Court understands that Plaintiff's counsel requested production in a PDF format, rather than a data load file format. (*See* Dkt. #39, Ex. A). Defendants then produced documents in accordance with Plaintiff's request. There is no need for Defendants to re-produce these documents in a text-searchable PDF format. First of all, the Court understands that Adobe allows users to scan and OCR documents so that they become text-searchable. Furthermore, the Court understands that Defendants have produced the Kulick-Borteck correspondence in a separately labeled folder, distinct from folders containing documents responsive to other agreed-upon search terms. Simply put, Defendants have done their part, and Plaintiff can do hers.

*Third*, Plaintiff's request to compel (i) production of all documents responsive to Plaintiff's document request #31 by a date certain, and (ii) disclosure of the steps taken to preserve ESI and paper documents prior to November 15, 2023, is DENIED as premature. As for request #31, the Court understands that Defendants responded to this request by logging their litigation hold correspondences as privileged. Defendants have suggested that they will "consider ... including the production of litigation holds that have been logged." (Dkt. #39 at 4). Given that Defendants also have until February 11, 2025, to respond to Plaintiff's request for documents related to steps taken to preserve ESI and documents, the parties are hereby ORDERED to meet and confer regarding production of the litigation hold documents logged as privileged *after* the documents due by February 11, 2025 are produced.

*Finally*, the Court sees no need for Plaintiff to provide a certification regarding her ESI searches. Plaintiff has been deposed under oath. If appropriate, Defendants can seek leave to file a motion regarding (what the Court construes to be allegations of) spoliation of evidence.

The Clerk of Court is directed to terminate the pending motion at docket entry 38.

SO ORDERED.

Dated: February 3, 2025
       New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE