RISSMILLER PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

April 22, 2025

**BY ECF**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

    Re:    <u>Kulick v. Gordon Property Group LLC et al.; No. 23-cv-9928-KPF</u>

Dear Judge Failla:

    I represent Plaintiff Annette Kulick and write in opposition to Defendants' pre-conference letter motion (ECF No. 53) seeking an order compelling further ESI discovery and a second deposition of Ms. Kulick. Because she has fully complied with her discovery obligations and Defendants identify no deficiency justifying discovery on discovery, their requests should be denied in their entirety.

    This dispute follows the Court's previous denial of Defendants' request to compel Ms. Kulick to provide a certification regarding her ESI searches. *See* ECF No. 43 ("[T]he Court sees no need for Ms. Kulick to provide a certification regarding her ESI searches. Ms. Kulick has been deposed under oath."). As part of that dispute, Plaintiff agreed to Defendants' request that she provide any additional responsive documents resulting from agreed-upon search term queries after counsel's review for relevance. *Id.* Ms. Kulick did exactly that, making her supplemental production (Bates PL0091–PL0232) by the agreed-upon February 12, 2025 date. That production included text messages with a former GPG coworker that, while not directly relevant to the sexual harassment and retaliation claims at issue in this case, referenced the individual Defendant and other work matters. After Defendants requested the entire text message chains, the responsive portions of which had already been produced, Plaintiff provided them (Bates PL0234–PL0289). This latest supplemental production also included documents Defendants demanded relating to her move to Pennsylvania with only tangential relevance to this case. In short, Ms. Kulick has fully complied with her discovery obligations, producing all responsive materials with any arguable relevance.

    She has additionally provided written confirmation, with respect to certain categories of documents requested, that no responsive documents are in her possession beyond what has been produced. *See* ECF No. 53-6 at 2. Defendants nonetheless seek to compel categories of documents that she has already confirmed do not exist in her possession. *Compare* ECF No. 53 at 3 ("[S]he testified to communications with third parties regarding the claims and defenses which she has still refused to produce.") *with* ECF No. 53-6 at 2 (providing written confirmation that all such third-party communications have been produced).

Defendants' request to re-open Ms. Kulick's deposition — based on a Yahoo data breach settlement that had no impact on any potential evidence — is also unfounded. At her deposition, Ms. Kulick described the Yahoo settlement notice she received in 2024. *See* ECF No. 53-1 at 59:13-15 ("They said that people had been hacked and they sent like a $15 settlement."). She specified that this was not specific to her Yahoo email but affected "[e]verybody's [accounts]." *Id.* at 60:4-15; *see also* ECF No. 53-7. Defendants' attempt to characterize this testimony as evidence of spoliation is baseless. Counsel's April 16, 2025 letter (ECF No. 53-6) clarified that the "purge" reference concerned a Yahoo system notice related to the 2012–2016 data breach — well before Ms. Kulick joined GPG in 2019 — and not any deletion of her emails. There is no evidence that Yahoo deleted any of her emails, much less ones relevant to this case. Ms. Kulick confirmed that no emails were lost and therefore all were searched for responsive material and produced. *See* ECF No. 53-6 at 2. Defendants have not identified a single email that is missing. While Ms. Kulick believes that her reference to the data breach settlement is clear based on the relevant testimony and settlement notice subsequently produced, she is also prepared to provide a declaration confirming these facts if the Court deems it appropriate.

Defendants' renewed demand for another search term hit report (see plaintiff's initial hit report at ECF No. 39-2) is unwarranted. "Where, as here, a party seeks 'discovery on discovery,' that party 'must provide an adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process[.]'" *Kaye v. New York City Health & Hosps. Corp.*, No. 18-CV-12137 (JPO)(JLC), 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020) (quoting *Winfield v. City of New York*, No 15-CV-5236 (LTS)(KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (cleaned up). But Defendants offer only speculation about the sufficiency of Ms. Kulick's search. She ran all agreed search terms, gave the results to counsel, and produced all non-privileged responsive documents. During her deposition on January 22, 2025, Ms. Kulick testified in detail about her search process, confirming that she turned over to counsel the documents returned by her searches and did not withhold any. *See* Kulick Dep. 50:15-18 ("I gave everything to my attorney."). Because Defendants questioned her under oath on these issues, the Court already ruled that no further assurance was necessary. *See* ECF No. 43. Defendants identify no gap in what has been produced — only dissatisfaction that Ms. Kulick's comprehensive searches yielded additional documents as discovery progressed. That dissatisfaction does not serve as a basis to impose a further hit-count analysis.

Defendants have received the discovery to which they are entitled. Ms. Kulick has gone above and beyond to ensure that her productions are complete and responsive. What Defendants seek now — a retroactive audit of Ms. Kulick's search efforts and a second bite at her deposition — is neither supported by the facts nor proportional to the needs of the case. Ms. Kulick therefore requests that Defendants' motion be denied in its entirety.

    Respectfully submitted,

    */s/ Alex Rissmiller*
    Alex Rissmiller