**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

October 17, 2025

**BY ECF**



The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:   Kulick v. Gordon Property Group LLC et al.; No. 23-cv-9928-KPF

Dear Judge Failla:

We represent Plaintiff Annette Kulick. Pursuant to Your Honor's Individual Rule 9(B), we request leave to file certain exhibits under seal in connection with Ms. Kulick's opposition to Defendants' motion for summary judgment, which is due October 31, 2025. Defendants oppose the request, contending that the documents do not merit sealing.

The exhibits are documents Defendants produced (GPG_0069467–GPG_0071813). They comprise over 2,000 pages of emails including graphic nudity, depictions of sexual acts, sexual solicitations, and adult-website notifications from Defendant Mark Borteck's work email account. These materials are central to Ms. Kulick's hostile work environment claim and rebut Defendants' contention in their summary judgment motion that the inappropriate content in the account was infrequent, isolated, and inadvertent "spam." *See* ECF No. 81 at 13, 26-27 (characterizing Ms. Kulick's exposure to sexual emails as a "**one-time**, isolated and inadvertent incident") (emphasis in original). The nature of the emails — many of which are subscription-based notifications indicating specific website activity — and the sheer volume corroborate Ms. Kulick's testimony that she was exposed to "[h]undreds" of inappropriate emails and had to view them "every day." ECF No. 83-1 at 32:21-22; 34:11-17.

The Amended Complaint alleges that shortly after Ms. Kulick began working for Borteck in 2019, he tasked her with searching his computer, where she encountered "countless emails of nude and scantily-clothed women 'looking for love'" linked to his dating and pornographic website accounts. ECF No. 23 ¶ 24. She repeatedly objected to these emails and told Borteck that the pornographic images were inappropriate, offensive, and misogynistic, yet Borteck failed to purge them from his office account. *Id.* ¶¶ 25-27. Having to view Borteck's "inappropriate emails on a regular basis" caused Ms. Kulick severe anxiety, which she communicated to him. *Id.* ¶ 28. In April 2021, she formally complained to a colleague that Borteck kept a "multitude of inappropriate and pornographic emails" in the account she had to search. *Id.* ¶ 45. The volume and persistence of this material — now documented in the exhibits Ms. Kulick seeks to file — underscore that this form of harassment was far from an isolated accident, contrary to Defendants' portrayal.

Under Second Circuit precedent, judicial documents may be sealed if sealing is necessary to preserve higher values and is narrowly tailored to serve those values. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Sealing these exhibits is necessary to prevent the public docket from becoming a repository for salacious and pornographic material. While the existence and nature of these emails are relevant to the case, which Ms. Kulick will describe in her brief, the graphic details and images themselves are not.

Accordingly, Ms. Kulick requests leave to file the exhibits designated GPG_0069467–GPG_0071813 under seal.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

```
Application GRANTED.  Plaintiff Ms. Kulick shall file the above-
described exhibits under seal.

Dated:    October 17, 2025              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE